**In re: AMERICAN–MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION.**

### MDL No. 2160.

United States Judicial Panel on Multidistrict Litigation.

June 8, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, Jr., FRANK C. DAMRELL, Jr., and BARBARA S. JONES, Judges of the Panel.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Before the Panel is a motion encompassing three actions in the Southern District of Florida and one action in the District of Arizona as listed on Schedule A.[1] Plaintiffs in one of the Southern District of Florida actions move, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Southern District of Florida.

Plaintiffs in another Southern District of Florida action support the motion. Plaintiff in the District of Arizona action initially opposed the motion, but later withdrew his opposition with respect to the issue of centralization, while still opposing the Southern District of Florida as the prospective transferee district.

Common defendant New NGC, Inc., d/b/a National Gypsum Company (National Gypsum) opposes the motion. In the event the Panel orders centralization over

---

1. The motion initially encompassed an action in the Middle District of Florida; however, that action was dismissed pursuant to a stipulation of dismissal by the parties.

its objections, National Gypsum (1) requests that any centralized proceedings be limited to lawsuits seeking recovery for allegedly defective drywall manufactured by National Gypsum, and (2) supports centralization in the District of Arizona or the Western District of North Carolina. Defendants 84 Lumber Co. and Lowe's HIW, Inc., also oppose the motion. The remaining defendants in the actions before the Panel—Banner Supply Co. and Pennyworth Homes, Inc.—did not respond to the motion.

The moving plaintiffs subsequently notified the Panel of four additional actions brought against National Gypsum in the Southern District of Florida and eight actions, brought against drywall manufacturers other than National Gypsum, in the Southern District of Mississippi. Plaintiffs in one of the Southern District of Mississippi actions supports the motion for centralization in the Southern District of Florida and proposes centralization in the Southern District of Mississippi in the alternative. Lafarge North America, Inc., Georgia–Pacific Gypsum LLC, and United States Gypsum Co., each of which is a defendant in two Southern District of Mississippi actions, oppose centralization of the actions against them with the actions against National Gypsum.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at the present time. All actions identified by the moving plaintiffs have some commonality as to whether the drywall in the homes of the plaintiffs and putative class members has caused the damages and injuries alleged; however, the different manufacturer defendants produced the drywall using different, proprietary techniques and different sources.

The proponents of centralization have not convinced us that any efficiencies from centralization would outweigh the multiple individualized issues, including ones of liability and causation, that these actions appear to present. The parties can avail themselves of alternatives to transfer under Section 1407 to achieve efficiencies in the pretrial proceedings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004). Also, with only one exception, the actions against each manufacturer are already pending in the same district, and plaintiffs in many of the actions share counsel, which should further facilitate cooperation among the parties and coordination of the actions.

IT IS THEREFORE ORDERED that the motion for transfer, pursuant to 28 U.S.C. § 1407, is denied.

### SCHEDULE A

MDL No. 2160 — **IN RE: AMERICAN–MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION**

*District of Arizona*
*Raymond Yee v. Lowe's HIW, Inc., et al.,* C.A. No. 3:09–8189

*Southern District of Florida*
*Adolfo Cotilla, et al. v. New NGC, Inc.,* C.A. No. 0:10–60172
*James Paige Visintin, et al. v. National Gypsum Co., et al.,* C.A. No. 0:10–60266
*George Brincku, et al. v. National Gypsum Co., et al.,* C.A. No. 1:10–20109